# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 11, 2023

| | |
|---|---|
| * * * * * * * * * * * * | |
| BENNETT C. MELTZER,      * | |
|                          * | |
|     Petitioner,    * | No. 22-1861V |
|                          * | |
| v.                       * | Special Master Gowen |
|                          * | |
| SECRETARY OF HEALTH      * | |
| AND HUMAN SERVICES,      * | |
|                          * | |
|     Respondent.    * | |
| * * * * * * * * * * * * | |

*Bennett C. Meltzer, pro se,* Orange, CA.
*Mary E. Holmes,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On December 19, 2022, Bennett C. Meltzer ("petitioner"), acting *pro se,* filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the influenza and Pneumococcal-Polysaccharide 23-Valent vaccines he received on December 18, 2019, were the cause-in-fact of his sciatica. Petition (ECF No. 1). Petitioner filed a narrative to accompany his petition. Petitioner's Exhibit ("Pet. Ex.") 2. After a review of petitioner's filings, I find that petitioner has provided insufficient evidence to support his claim, and this petition must be dismissed.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

### A. Procedural history

Petitioner's case was transferred to my docket on December 20, 2022. An initial status conference was held on January 12, 2023 with petitioner and counsel for respondent participating. Status Conference Order (ECF No. 12). During the status conference, I explained that the Pneumococcal Polysaccharide 23-valent vaccine was not a covered vaccine, and that only the influenza vaccine he received can be considered for purpose of the program. Scheduling Order (ECF No. 14). I also explained that petitioner's motion to proceed *in forma pauperis* will be denied because he does not qualify.[3] Additionally, I explained that in order for petitioner to prevail, he will need to demonstrate how the flu vaccine was the cause of his sciatica or significantly aggravated his pre-existing sciatica. *Id.* Petitioner was ordered to either have an attorney enter their appearance on his behalf or file a status report indicating the progress of obtaining an attorney. *Id.*

On March 17, 2023, petitioner filed a status report explaining that he had been contacting various attorneys who practice before the Vaccine Court and was unsuccessful in securing representation. Pet. Status Report ("Rept.") (ECF No. 18). Petitioner requested additional time to find an attorney and his motion was granted. Pet. Motion ("Mot.") (ECF No. 16); Order (ECF No. 17). On July 28, 2023, petitioner filed another status report indicating that he continued to search for an attorney to represent him in this matter and was expecting to have representation finalized in near future. Pet. Status. Rept. (ECF No. 21). I entered an order directing petitioner to have an attorney enter their appearance on his behalf or file a status report on the progress of retaining an attorney by August 30, 2023. Scheduling Order (ECF No. 22).

After missing the deadline, the I scheduled a status conference to determine the progress of petitioner's search for an attorney. On October 5, 2023, petitioner also filed five medical records. *See* Medical Records (ECF No. 25). These records were imaging of petitioner's spine dating from 2015 through 2023. *Id.*

A telephonic status conference was held on October 10, 2023. During this status conference, I explained to petitioner that it would be difficult for him to demonstrate vaccine causation, particularly as the imaging he provided shows musculoskeletal changes that are consistent with the injury he is alleging, sciatica, and that it would be nearly impossible for these changes to occur within the period of time he is alleging the onset occurred.

More specifically, I explained that the MRIs filed by petitioner all show progressive structural changes to petitioner's spine. The MRI taken on December 27, 2019, of petitioner's lumbar spine, showed that he had, "multilevel disc bulging from L1-2 through L5-S1, with minimal central canal narrowing from L1-2 through L4-5," and "varying degrees of neural foraminal narrowing," at various levels. Med. Recs. Attachment 4 (ECF No. 25). At the L3-L4 level, a 3 mm circumferential disc bulge was seen "in conjunction with facet arthropathy and mild posterior epidural lipomatosis," and there was "moderate right and mild left neural foraminal narrowing." *Id.* At the L4-L5 level, there was a 4 mm circumferential disc bulge, slightly larger along the right foraminal location. Additionally, there was "moderate right-sided neural foraminal narrowing." *Id.* I explained that the sciatic nerve arises from nerve roots

---

[3] This motion was denied in Scheduling Order (ECF No. 14) and petitioner paid the filing fee.

beginning at L4 through S3.  It is the largest nerve in the body.  According to petitioner's MRI taken 8 days post-vaccination, it shows that he had moderate right-sided neural foraminal narrowing at L4-5, which can cause sciatic nerve pain as the nerve becomes irritated or compressed.  Furthermore, petitioner explained that his pain was more right-sided, which is again, consistent with the imaging showing moderate foraminal stenosis on the right side, more than the left.  Finally, the MRI from November 20, 2015, indicates that petitioner had "persistent lumbar radicular symptoms." Med. Records MRI Lumbar 2015 (ECF No. 25).  This MRI showed "mild canal stenosis with mild narrowing of the left and moderate narrowing of the right neural foramen.  There is a diffuse central disc bulge, as well as facet hypertrophy."  There was also "moderate narrowing of both neural foramens, attributed to a diffuse central disc bulge, as well as facet hypertrophy."  *Id.*  This MRI shows that petitioner had pre-existing lumbar spinal issues prior to the receipt of his flu shot in December 2019, but more importantly, when compared to the other MRIs, shows the progression of his structural injury.

Petitioner asserted that he understood that damage to nerves has been associated with vaccine injuries.  However, the nature of petitioner's injury, sciatica, is an injury caused by changes in the structure of his spinal cord, and not by an autoimmune reaction where nerves are damaged by demyelination, such as in Guillain-Barre syndrome.  I explained that it would be nearly impossible to demonstrate that structural changes could occur within six-hours of vaccination, or even within 8 days post-vaccination.  Further, the bony changes described by foraminal hypertrophy, as well as bulging discs at multiple levels were pre-existent and are the more likely cause of his sciatic pain.  Petitioner understood the difficulty of prevailing and agreed to voluntarily dismiss his claim.

### B.  Legal standard for adjudication

In order to prevail, a petitioner must prove either a "Table" injury or that a vaccine listed on the Table was the cause-in-fact of an injury.  § 11(c)(1)(C).  The Table identifies the vaccines covered under the program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination.[4]  42 U.S.C.§14(a).

An "off-Table" injury is initially shown when the petitioner demonstrates, by a preponderance of the evidence: (1) that he received a vaccine set forth on the Vaccine Injury Table; (2) that he received the vaccine in the United States; (3) that he sustained or had significantly aggravated an illness, disease, disability, or condition caused by the vaccine; and (4) that the condition has persisted for more than six months or that resulted in death.  § 13(a)(1)(A). Petitioner must establish each of the three *Althen* factors by preponderant evidence: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a proximate temporal relationship between vaccination and injury.  *Althen v. Sec'y of Health & Human Servs.,* 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present case, petitioner does not allege a Table injury.  Thus, to prevail on entitlement, petitioner must establish that the flu vaccine is the actual cause of his sciatica. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the

---

[4] The most recent version of the Table can be found at 42 C.F.R. §100.3.

petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §300aa-13(a)(1).

Petitioner has not submitted any medical records or other evidence sufficient to establish entitlement to compensation. Petitioner has also not submitted the opinion of a competent physician linking his alleged injury to the flu vaccine he received on December 18, 2019. Rather, petitioner has submitted medical records that show he had been experiencing symptoms of lumbar radiculopathy well before his flu vaccine in December 2019 and that this condition continued to progress, along with his sciatica symptoms. In other words, the structural issues of his lumbar spine which are well documented at multiple spinal levels in multiple MRIs are consistent with his sciatica, the injury he is alleging was caused by the flu vaccine.

Thus, given the limited medical records filed by petitioner, all of which strongly suggest a common structural explanation for sciatic pain and none of the evidence records filed suggest vaccine causation, and petitioner does not have the opinion of a competent physician to support his claim, this petition must be **DISMISSED.**

**This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

IT IS SO ORDERED.

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master